IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CALIFORNIA CASUALTY GENERAL INSURANCE COMPANY OF OREGON, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 13-0773-CV-W-ODS ) |
| MATTHEW NELSON, et al., | ) ) |
| Defendants. | ) |

## ORDER (1) GRANTING DEFENDANT MATTHEW NELSON'S MOTION TO JOIN IN MOTION TO DISMISS OR TO STAY AND (2) DENYING MOTION TO DISMISS OR TO STAY

Plaintiff initiated this declaratory judgment action against (1) Mary Doe (in her individual capacity and as next friend for Jane Doe) and John Doe ("the Doe Defendants" or "the Does") and (2) Matthew Nelson. The Doe Defendants filed a Motion to Dismiss or to Strike. Nelson filed a Motion to Join, seeking to join in the Doe Defendants' motion. Nelson's Motion to Join (Doc. # 9) is granted, and the Motion to Dismiss or Stay shall be deemed to have been filed on behalf of all Defendants. The Motion to Dismiss or Stay (Doc. # 8) is denied.

## I. BACKGROUND

Nelson was a second grade teacher in the Grain Valley School District ("the School District") and during the 2011-12 school year Jane Doe was one of Nelson's students. Nelson pleaded guilty in state court to child molestation, statutory sodomy and attempted child molestation; these charges arose from his conduct regarding Jane Doe. Nelson is either awaiting sentencing or has been sentenced.

In April 2013, the Does filed suit in state court against Nelson, the School District, and various officials from the School District ("the state suit"). The state suit remains pending.

Nelson was insured under a homeowner's insurance policy issued by Plaintiff. Amended Complaint, ¶ 5. Plaintiff has offered to defend Nelson under a reservation of rights, preserving its ability to contest its obligations to defend or indemnify him. Amended Complaint, ¶ 14-15. In this suit, Plaintiff seeks a declaration that (1) it has no duty to defend Nelson in the state suit and (2) it has no duty to indemnify Nelson from any judgment that might be imposed in the state suit. Defendants allege (1) the case should be dismissed for lack of subject matter jurisdiction or, alternatively, (2) the case should be stayed[1] pending the outcome of the state lawsuit.

## II. DISCUSSION

### A. Jurisdiction

As the case is currently styled, subject matter jurisdiction exists because there is diversity of citizenship and more than $75,000 in controversy. 28 U.S.C. § 1332. Defendants contend the parties should be re-aligned so that the Doe Defendants are on opposite sides of the suit from Nelson, which would destroy diversity of citizenship. The Court disagrees.

"Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who are defendants. It is our duty, as it is that of the lower federal courts, to look beyond the pleadings, and arrange the parties according to their sides in the dispute." Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 69 (1941) (quotation omitted). Where there is no controversy between a purported plaintiff and a purported defendant, realignment is proper. E.g., Dryden v. Dryden, 265 F.2d 870, 874 (8th Cir. 1959); see also Hallmark Prod. V. Mosley, 190 F.2d 904, 908 (8th Cir. 1951). These cases (particularly the two Eighth Circuit decisions) suggest that the need to realign grows from the need to satisfy the Constitutional requirement of an actual case or controversy between the parties. However, where there are legitimate

---

[1] At times Defendants suggest their second argument justifies dismissal, but at best the second argument supports a stay of the federal proceedings. E.g., Royal Indem. Co. v. Apex Oil Co., 511 F.3d 788, 797-98 (8th Cir. 2008).

2

differences between the parties there is no need to realign the parties.  See American Motorist Ins. Co. v. Trane Co., 657 F.2d 146, 151 (7th Cir. 1981) ("Realignment is proper where there is no actual, substantial conflict between the parties that would justify placing them on opposite sides of the lawsuit.").

There is unquestionably a conflict between the Plaintiffs and Defendants in this case.  Plaintiff contends it is not obligated to defend Nelson, and Nelson disputes this.  Plaintiff contends it is not obligated to indemnify Nelson, and Nelson and the Doe Defendants dispute this.  The parties are properly aligned, so there is no basis for compelling realignment.

Defendants insinuate the parties are misaligned simply because Nelson and the Does are opposed in the state suit.  The case they cite – which predates Indianapolis – does not support this broad proposition.  In that case, the Fourth Circuit realigned the parties because the plaintiff insurance company "allege[d] that it is liable to the extent of its policy for any judgment which may be obtained on such claims and that it must defend any suit thereon . . . ."  State Farm Mut. Auto. Ins. Co. v. Hugee, 115 F.2d 298, 300 (4th Cir. 1940).  The Fourth Circuit distinguished the case from "one where there is a bona fide controversy between the nonresident insurance company and the insured," id. at 302, and other courts examining Hugee have noted the distinction.  E.g., Collier v. Harvey, 179 F.3d 664, 667 (10th Cir. 1950); Ohio Cas. Ins. Co. v. Farmers Bank of Clay, Ky, 178 F.2d 570, 575 (6th Cir. 1950).  Finally, the Court holds that realigning the parties to place the Does on the same side as Plaintiff would be an incorrect alignment as there is certainly no controversy between the Does and Nelson in *this* suit – unless, of course, the Does want to enter a binding judicial admission that they agree Plaintiff has no obligation to indemnify Nelson in the state suit, in which case the Does can be dismissed and Plaintiff and Nelson can litigate Plaintiff's duty to defend (an issue over which the Does have no real interest) and duty to indemnify.

The Court concludes the parties are permissibly aligned.  There is diversity of citizenship and the requisite amount in controversy, so the Court has subject matter jurisdiction.

B.  Stay of Proceedings

       Defendants correctly point out the Court has a certain degree of discretion to entertain Plaintiff's request for declaratory relief.  Defendants also correctly argue that Scottsdale Ins. Co. v. Detco Indus., Inc., 426 F.3d 994 (8th Cir. 2009) guides the Court's discretion (instead of the more expansive standards announced in Wilton v. Seven Falls Co., 515 U.S. 277 (1995)) because the state court proceeding is not parallel to this one.  See also Lexington Ins. Co. v. Integrity Land Title Co., 721 F.3d 958, 967 (8th Cir. 2013) ("The full scope of a district court's discretion to grant a stay or abstain from exercising jurisdiction under the Declaratory Judgment Act differs depending upon whether a 'parallel' state court action involving questions of state law is pending.").

       Scottsdale sets forth six factors that must be considered in determining whether to abstain or stay.  It must be remembered that these are factors to be weighed and not elements.  It must also be remembered that the ultimate issue remains discretionary in nature.  Lexington, 721 F.3d at 968; Scottsdale, 426 F.3d at 998.  The six factors are:

1. Whether the declaratory judgment sought will be useful in clarifying and settling legal relations.
2. Whether a declaratory judgment will remove the uncertainty, insecurity and controversy that forms the basis for the dispute, as this is the central function of a declaratory judgment.
3. The strength of the state interest in having the issues raised in the federal case decided in the state proceeding.
4. Whether the issues raised can be more efficiently decided in the federal proceeding or the state proceeding.
5. Whether allowing the federal suit to proceed will result in "entanglement" between the two courts due to overlapping issues.
6. Whether the declaratory judgment is merely a device for procedural fencing.

Id.

       In applying the Scottsdale factors, it is important to remember there are two distinct issues in this case: one is Plaintiff's duty to defend Nelson, and the other is Plaintiff's duty to indemnify Nelson.  Defendants' focus on the latter and essentially

4

ignore the former, which skews the proper analysis. The Court will start by applying the Scottsdale factors to Plaintiff's duty to defend.

A declaration regarding Plaintiff's duty to defend Nelson will be useful in clarifying and settling the legal relations between Plaintiff and Nelson. While Plaintiff is currently defending Nelson under a reservation of rights, there is clearly a controversy between them as to whether Plaintiff has a legal obligation to defend. Plaintiff could defend the suit to the end and then seek recovery from Nelson, but there is no reason for Plaintiff to undergo an action it believes is not legally required when there is a ready means for ascertaining whether that legal obligation exists. Plaintiff could also (theoretically) abandon its defense of Nelson and wait for Nelson to sue it. A declaration from this Court would remove Plaintiff's uncertainty as to whether it must defend Nelson and serve the purpose of a declaratory judgment: advising a party as to their legal obligations so they are not forced to risk violating them. Finally, and most significantly, the issue of Plaintiff's defense obligations will not be raised in the state suit. That case is between the Does and Nelson, and Plaintiff is not a party. While the issues between the Does and Nelson are relevant to the defense obligation, the meaning and terms of the insurance policy vis a vis the defense obligation will not be litigated in that proceeding. Resolving the issue of Plaintiff's defense obligation requires comparing the Does' pleading in state court to the insurance policy, e.g., McCormack Baron Mgt. Servs., Inc. v. American Guarantee & Liability Ins. Co., 989 S.W.2d 168, 170 (Mo. 1999) (en banc), and nothing decided in the state suit will impact the analysis. The Court discerns no reason to delay Plaintiff's request to obtain a determination of its legal obligations to Nelson.

The issue of coverage is a slightly different matter but the Court declines to stay consideration of that issue, at least for now. Defendants posit that the issue could be decided after the state suit in an equitable garnishment proceeding (assuming they prevail in their suit against Nelson) but this observation does not legally compel the Court to delay deciding the issue. There is some value to Plaintiff (and, frankly, Nelson and the Does) in knowing now whether the insurance policy covers the wrongs alleged in the state lawsuit. Finally, given the Court's decision not to stay consideration of the

5

duty to defend, there is minimal extra burden to the parties by deciding not to stay consideration of the duty to indemnify.

The Court recognizes the issues involving the duty to indemnify may or may not be entwined with matters to be resolved in the state suit – but whether this is true is far from clear.  Resolution of the indemnification issue ordinarily depends on the claims or theories of liability credited by the jury in the underlying tort suit, but in this particular case it may be that there are *no* claims upon which the Does' could prevail that would trigger the duty to indemnify.  Thus, the Court elects not to stay proceedings regarding indemnification at this time, but it reserves the possibility that further understanding of the issues will persuade the Court that it should stay consideration of this issue.

### III.  CONCLUSION

Matthew Nelson's Motion to Join is granted.  Defendants' Motion to Dismiss or to Stay is denied.

IT IS SO ORDERED.

DATE: December 9, 2013

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT